**Fred C. HERBEL, Appellant (Plaintiff),**

v.

**S.K. WOOD COMPANY, An Idaho Corporation; Matlack Company; Carl D. Unsworth; Constance G. Johnson; and Karen A. Cavalier, Appellees (Defendants).**

No. 94–214.

Supreme Court of Wyoming.

June 29, 1995.

 

J. Nicholas Murdock and Bradley D. Bonner of Reeves, Murdock & Gifford, and James E. Delaney, Casper, for appellant.

G.G. Greenlee and Todd H. Hambrick of Murane & Bostwick, Casper, for appellees S.K. Wood Co., Matlack Co. and Unsworth.

Bret F. King of King & King, Jackson, for appellee Johnson.

David B. Hooper of Hooper Law Offices, P.C., Riverton, for appellee Cavalier.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Fred Herbel appeals from the district court's order which granted a summary judgment in favor of Appellees S.K. Wood Company, Matlack Company, Carl Unsworth, Constance Johnson, and Karen Cavalier.

We affirm.

### Issues

Appellant presents the following issues on appeal:

A. Whether the district court erred in granting summary judgment and in failing to permit Appellant to amend his complaint to allege affirmatively that he suffered from a legal disability.

    1. Whether the district court erred in failing to grant Appellant's Motion for Leave to Amend Complaint.

    2. Whether this Court should follow the general trend in most jurisdictions and the guidance of the courts interpreting the law of origin for Wyoming's disability tolling statute in defining the term "legal disability."

    3. Whether the district court erred in granting summary judgment because the issues of whether a person is subject to a legal disability, and when a disability is removed, are questions of fact properly to be decided by a jury.

    4. Whether the district court erred in granting summary judgment because Appellant's averments are sufficient to create an issue of fact as to whether and for what period he suffered from a legal disability which tolled the statute of limitations.

### Facts

The facts as gleaned from the record and from the parties' briefs are not in dispute. A multi-vehicular accident occurred on January 26, 1989, which involved Appellant and Appellees. Appellant filed a complaint on January 15, 1993, which was predicated upon this accident. Service was made on each of the appellees more than sixty days after the complaint had been filed.

Each of the appellees filed a motion to dismiss on the ground that the statute of limitations barred Appellant's claims.[1] The district court issued a decision letter on October 12, 1993, directing that the motions to dismiss be converted to motions for a summary judgment, granting such motions, and requesting that the attorney for several of the appellees prepare the necessary order.

Three days after the district court issued its decision letter, Appellant filed a motion for leave to amend his complaint to add the claim that, as a result of the accident, he suffered from a legal disability which lasted from the time the cause of action accrued

---

1. In Wyoming, actions for personal injury must be brought within four years after the cause of action accrues. WYO.STAT. § 1–3–105(a)(iv)(C) (Supp.1994). W.R.C.P. 3(b) provides in part:

    (b) *When commenced.*—For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint as to each defendant, if service is made on the defendant or on a co-defendant who is a joint contractor or otherwise united in interest with the defendant, within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made.

until April 30, 1991. On October 22, 1993, Appellant filed a motion for reconsideration of the decision letter and an objection to the form of the proposed order.

Appellees objected to Appellant's motion for leave to amend his complaint, arguing that the motion was untimely and prejudicial, and moved for a summary judgment. The district court granted a summary judgment in favor of Appellees, and this appeal followed.

### Discussion

Although Appellant presents several issues for our consideration, our decision on the question of whether the district court abused its discretion by refusing to allow Appellant to amend his complaint is dispositive of the remaining issues.

Appellant contends that the denial of his motion for leave to amend his complaint constituted an abuse of discretion and that his motion should have been granted under the free-and-liberal-amendment philosophy of W.R.C.P. 15. We disagree. W.R.C.P. 15(a) provides in pertinent part:

(a) *Amendments.*—A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when *justice so requires.*

"[L]eave to amend a complaint under W.R.C.P. 15 should be freely granted when the amendment will serve a good purpose and when it will not unduly prejudice the defendant. A district court's denial of a motion to amend will be reversed, however, only when it constitutes an abuse of discretion." *Herrig v. Herrig,* 844 P.2d 487, 490 (Wyo. 1992) (citation omitted). Judicial discretion is

a composite of many things, among which are conclusions drawn from objective crite-

ria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Martin v. State,* 720 P.2d 894, 897 (Wyo. 1986). "Although it is always easy for those on the secure heights of hindsight to suggest another course might have been taken, that is not to say the district court abused its discretion." *Narans v. Paulsen,* 803 P.2d 358, 363 (Wyo.1990).

In *Slavens v. Board of County Commissioners for Uinta County,* 854 P.2d 683 (Wyo.1993), we considered the issue of whether a district court abused its discretion when it denied the appellants' motion to amend their complaint which they filed four days after the district court had issued its decision letter. 854 P.2d at 685–87. Relying on our decision in *Narans,* we held that the district court did not abuse its discretion:

In *Narans,* we upheld a district judge's decision not to allow an amendment of pleadings on the eve of trial, *Narans,* 803 P.2d at 363, and there is less reason to allow amendment after a decision in the case had been made. . . .

. . . The district court did not abuse its discretion in denying appellants' motion to amend their complaint when the motion was made after the decision letter had been issued.

854 P.2d at 687–88.

### Conclusion

In accordance with our decisions in *Narans* and *Slavens,* we hold that the district court did not abuse its discretion by refusing to allow Appellant to amend his complaint three days after the issuance of the decision letter which granted a summary judgment in favor of Appellees. In light of this holding, we do not need to address the remaining issues which were presented by Appellant.

Affirmed.