**William DOENZ, Appellant (Plaintiff),**

v.

**SHERIDAN COUNTY BOARD OF COUNTY COMMISSIONERS, Sheridan County, Wyoming, Appellee (Defendant).**

No. 97–73.

Supreme Court of Wyoming.

Dec. 17, 1997.

Frank C. Richter of Richter, Torkelson & Hanson, Billings, MT; and Karen Budd Falen of Budd Falen Law Offices, Cheyenne, for Appellant.

Thomas Klepperich of Lonabaugh and Riggs, Sheridan, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant William Doenz appeals from the order which denied his motion to file a second amended complaint.

We affirm.

### ISSUES

Doenz presents the following issues for our review:

#### I.

Whether the Second Amended Complaint should be denied, and Civil Action No. C 91–3–96 be dismissed by Summary Judgment or by the District Court's last Order?

#### II.

Whether Sheridan County Board of County Commissioners, Sheridan County, Wyoming, h[as] immunity from damages arising from filing and failing to timely dismiss C 412–10–94?

#### III.

Whether Constitutional guarantees were violated when the Sheridan County Board of County Commissioners, Sheridan County, Wyoming, filed and maintained C 412–10–94; including the United States and Wyoming Constitutions and W.S. § 1–26–516 Inverse Condemnation?

#### IV.

Whether 42 U.S.C. § 1983 is applicable?

### FACTS

Appellee Sheridan County Board of County Commissioners (Sheridan County) filed a petition for a declaratory judgment in an effort to resolve a dispute over the use of a road known as East Lane. Doenz was named in the action and filed a motion for a partial summary judgment, alleging that he possessed an easement of record for the use of East Lane. The district court granted Doenz's motion, finding that he held an express easement for ingress and egress purposes.

Doenz subsequently filed a complaint against Sheridan County, claiming that Sheridan County had been negligent in naming him in the declaratory judgment action, and requested attorney's fees for defending against that action. Sheridan County moved for a summary judgment, arguing that it was immune from liability under the Wyoming Governmental Claims Act. The district court agreed that Sheridan County had immunity and granted the motion.

Doenz responded with a motion to file an amended complaint in an attempt to assert a claim under 42 U.S.C. § 1983. At the hearing to consider this motion, Doenz advanced a claim for inverse condemnation under WYO. STAT. § 1–26–516 (1997). The district court denied Doenz's motion to amend his complaint to allege a § 1983 claim but gave him the opportunity to file a second proposed amended complaint to properly assert an inverse condemnation action.

Doenz thereafter filed a motion for leave to file a second amended complaint and attached a copy of the proposed complaint. Instead of precisely alleging an inverse condemnation claim, Doenz's proposed complaint asserted a slander of title claim along with other claims which had already been decided by the district court. The district court denied Doenz's motion, and Doenz appeals from that order.

### STANDARD OF REVIEW

We will reverse the denial of a motion to amend a pleading only when the district court has abused its discretion. *Herbel v. S.K. Wood Company,* 897 P.2d 478, 480 (Wyo.1995); W.R.C.P. 15. A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances. *Johnston v. Stephenson,* 938 P.2d 861, 862 (Wyo.1997). The party who is attacking the trial court's ruling has the burden to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did. *Id.*

### DISCUSSION

Although Doenz presents several issues for our review, most of them pertain to orders that Doenz did not appeal from. The only issue properly before this Court is whether the district court correctly denied Doenz's motion for leave to file a second amended complaint. We, therefore, will limit our discussion to that issue.

The district court gave Doenz the opportunity to file a second amended complaint to assert an inverse condemnation cause of action under § 1–26–516. That statute provides:

When a person possessing the power of condemnation takes possession of or damages land in which he has no interest, or substantially diminishes the use or value of land, due to activities on adjoining land without the authorization of the owner of the land or before filing an action of condemnation, the owner of the land may file an action in district court seeking damages for the taking or damage and shall be granted litigation expenses if damages are awarded to the owner.

Section 1–26–516.

In his appeal to this Court, Doenz has failed to accurately apply the statute to the facts of this case to establish how the prescribed activities set out in the statute relate to his situation. Although he attempts to do so by resorting to arguments already disposed of by the district court, he did not appeal from those rulings, and we, therefore, will not review them. He, consequently, has not satisfied his burden of establishing that the district court abused its discretion.

Affirmed.