**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2000**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

WILLIAM DOENZ, individually and
as Trustee of the William J. Doenz
Real Estate Trust,

      Plaintiff-Appellant,

v.

SHERIDAN COUNTY; SHERIDAN
COUNTY BOARD OF COUNTY
COMMISSIONERS,

      Defendants-Appellees.

No. 99-8087
(D.C. No. 98-CV-76)
(Wyoming)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **TACHA** and **EBEL**, Circuit Judges.

---

      William Doenz appeals from an order of the District Court granting

summary judgment for defendant. For the reasons set forth below, we affirm the

District Court's order, albeit on grounds different from those of the District

Court.

---

      [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**I**

This litigation originated in October 1994, when the Board of County Commissioners of Sheridan County, Wyoming ("Sheridan County"), filed a declaratory judgment action in state court in an attempt to resolve a property dispute among neighbors regarding use of a road. Although Mr. Doenz was not part of the dispute, he was brought into the suit by Sheridan County because he had an easement to use the road. The County then moved to withdraw from the case and was granted permission to do so. Mr. Doenz prevailed in this first litigation, the court ruling that his easement was valid. Ultimately, however, the Wyoming Supreme Court reversed on the ground that the County had no jurisdictional authority to bring the case in the first place.

Mr. Doenz then filed suit in state court against Sheridan County under the Wyoming Governmental Claims Act, alleging that the County had been negligent in bringing him into the declaratory judgment action when it had no jurisdictional authority to do so. This negligence, he argued, resulted in a cloud on the title to his land, which was on the market when the County filed the lawsuit. Mr. Doenz had located a different piece of property which he wished to purchase. Because of the clouded title on his own land, he lost a willing buyer and was unable to sell it. This, in turn, made it impossible for him to acquire the land he was attempting

to purchase. Mr. Doenz also missed a once-in-a-lifetime opportunity for a low tax rate on the sale of his land and incurred substantial legal fees.

The state court granted summary judgment for Sheridan County on the issue of governmental immunity, concluding the County was immune from liability under the Wyoming Governmental Claims Act. However, the court gave Mr. Doenz leave to file a proposed amended complaint that would lay out any other bases for relief. Mr. Doenz filed an amended complaint which added a claim under 42 U.S.C. § 1983, a takings claim under the Fifth and Fourteenth Amendments, and several claims under the Wyoming constitution. The court held that the proposed complaint failed to state claims for which relief could be granted, concluding that the mere filing of a lawsuit by Sheridan County was insufficient to constitute a taking under the Constitution and that Mr. Doenz was therefore not entitled to relief under 42 U.S.C. § 1983. Finally, the court suggested to Mr. Doenz that he submit another proposed amended complaint asserting any claims he might have under Wyoming's inverse condemnation statute.

Mr. Doenz filed another proposed complaint that contained all the allegations previously rejected by the court and attempted to add an inverse

condemnation claim.[1]  The court rejected this proposed complaint as well, and dismissed the case with prejudice.

Mr. Doenz appealed the decision to the Wyoming Supreme Court.  That court held that while Mr. Doenz raised several issues on appeal, only one of those issues was properly presented:  whether the district court was right to deny Mr. Doenz's motion to file the Second Proposed Amended Complaint.  The court held that Mr. Doenz did not meet his burden of proving the trial court abused its discretion in denying yet another motion to amend.  The court further noted that

> "[i]n his appeal to this Court, Doenz has failed to accurately apply the statute to the facts of this case to establish how the prescribed activities set out in the statute relate to his situation.  Although he attempts to do so by resorting to arguments already disposed of by the district court, he did not appeal from those rulings, and we, therefore, will not review them."

Doenz v. Sheridan County Board of County Comm'rs, 949 P.2d 464, 465 (Wyo. 1997).

After losing in state court, Mr. Doenz filed this federal action, requesting relief under 42 U.S.C. § 1983 for the "temporary taking of private property without due process and just compensation" in violation of the Fifth and

---

[1]The Wyoming Supreme Court later noted that "[i]nstead of precisely alleging an inverse condemnation claim, Doenz's proposed complaint asserted a slander of title claim along with other claims which had already been decided by the district court."  Doenz v. Sheridan County Board of County Comm'rs, 949 P.2d 464, 465 (Wyo. 1997).

Fourteenth Amendments to the U.S. Constitution and the Wyoming state constitution. The district court granted summary judgment to Sheridan County, holding that the County's lawsuit against Mr. Doenz did not constitute a taking under current takings jurisprudence. Having determined the matter on that issue, the court declined to reach Sheridan County's two other arguments for summary judgment: namely, that Mr. Doenz did not have standing, and that this action was barred by collateral estoppel and res judicata.

We review the district court's grant of summary judgment de novo. Simms v. Oklahoma *ex rel.* Dep't of Mental Health and Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir.), cert. denied, 120 S.Ct. 53 (1999). We "may affirm the district court on any legal ground supported by the record." Wolfgang v. Mid-America Motorsports, Inc., 111 F.3d 1515, 1524 (10th Cir. 1995).

A cornerstone of the federal court system is res judicata. Under this doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). While the federal courts are not bound by state courts' determinations of federal law, we are bound to apply the res judicata doctrine to state court proceedings where the parties have had "a full and fair opportunity to litigate." Montana v. United States, 440 U.S. 147, 153 (1979). Whether the parties have had such an opportunity is determined by

examining "whether the state proceedings satisfied 'the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause.'" Phelps v. Hamilton, 122 F.3d 1309, 1322 (10th Cir. 1997). As the Supreme Court has noted, res judicata promotes "the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen, 449 U.S. at 96. Congress reinforced this state/federal relationship in the enactment of 28 U.S.C. § 1738, which mandates that federal courts give the same "full faith and credit" to the decisions of a state court as that state's courts would give to the decision. *See* Carpenter v. Reed *ex rel.* Dep't of Public Safety, 757 F.2d 218, 219 (10th Cir. 1985).

In the instant case, each and every claim that Mr. Doenz asserts in the present action has already been ruled upon by the state court. Mr. Doenz argued there, as here, that: (1) the filing of Sheridan County's lawsuit was a taking under the Fifth and Fourteenth Amendments; (2) it was also a taking under the Wyoming state constitution; and (3) he was accordingly due just compensation. The state trial court ruled that a lawsuit could not be a taking under either the Fifth and Fourteenth Amendments or the Wyoming state constitution, and that Mr. Doenz therefore did not state a claim for which relief could be granted under 42 U.S.C.

§ 1983. The court twice granted Mr. Doenz leave to file proposed amended complaints in an effort to state a claim. Mr. Doenz could have appealed any of these rulings to the Wyoming Supreme Court.

Mr. Doenz thus had a full and fair opportunity to litigate all his claims in state court. He does not get a third bite at the apple by filing the same case against the same parties alleging the same issues in federal court. To allow him to do so would contravene a bedrock principle of federalism.[2]

We hold that the district court's grant of summary judgment was proper given that the Mr. Doenz's case is barred from relitigation by res judicata. We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2]We note, however, that this case does not require us to decide whether res judicata would preclude a litigant from expressly reserving his takings claim for federal court while pursuing his state remedy in state court. *Cf. Wilkinson v. Pitkin County Bd. of Comm'rs*, 142 F.3d 1319 (10th Cir. 1998) (declining to decide whether a litigant who reserved his takings claim for federal court would be barred by res judicata); *Dodd v. Hood River County*, 49 F.3d 852 (9th Cir. 1995) (holding that a claimant could under some circumstances reserve a takings claim for federal court while engaging in state court litigation of an inverse condemnation claim); *Fields v. Sarasota Manatee Airport Authority*, 953 F.2d 1299, 1306 (11th Cir. 1992) (same). Doenz made no effort to reserve his takings claim for federal court litigation, and therefore that issue is not properly before us.