2002 WY 127

**Robert L. BURT, Appellant (Defendant),**

v.

**Charlene D. BURT, Appellee (Plaintiff).**

No. 01–109.

Supreme Court of Wyoming.

Aug. 28, 2002.

Robert L. Burt, Pro Se, Representing Appellant.

Charlene D. Burt, Pro Se, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Appellant, Robert L. Burt (Burt), seeks review of a provision of the district court's divorce decree granting a divorce to him and his wife. The divorce proceedings were resolved upon Burt's default. Although no record was developed in the district court, and the issue that Burt wishes to pursue was not raised there, he asks this Court to review the district court's division of his military pension. Burt's wife did not file a brief or otherwise appear in this court.

[¶ 2] We will affirm.

[¶ 3] Burt poses his issue in these words:

A military divorce has some additional factors that revolve around Federal law, military retired pay jurisdiction of state court. First of all, military retired pay is treated separately by state courts as property and it will be dealt with in some manner by state divorce court. As per the wording in the Decree of Divorce, retirement funds …, Federal law, specifically the Uniformed Services Former Spouse Protection Act [1], give the state divorce courts limited power regarding military retired pay and gives the military pay centers the ability to enforce a divorce decree such [as] was ordered by District Court, Fifth Judicial District … of Wyoming. The pay centers can enforce the above order if it is in compliance with requirements and limitations described in … Federal law.

I feel the judge didn't follow … Federal law when he awarded Charlene Burt (for-

---

* Chief Justice at time of expedited conference.

1. Because the record on appeal is incomplete and does not support Burt's issue, we will not address the merits of his claim. However, with respect to the issue raised, see the following authorities: *Forney v. Minard,* 849 P.2d 724, 728–30 (Wyo.1993); Major Michael H. Gilbert, *A Family Law Practitioner's Road Map to the Uniformed Services Former Spouses Protection Act,* 32 Santa Clara L.Rev. 61 (1992); and 24 Am.Jur.2d *Divorce and Separation* §§ 217, 539, and 782 (1998).

mer spouse) $400.00 .... I'm told there is no tape recording or transcript on the hearing done in open court at the Park County Annex, Powell, Park County, Wyoming on the 6th of April, 2001. Since I was not there, I have no knowledge if any Federal law was used in the decision of the decree. The disposable retired pay was not defined in accordance with Federal law. In my case I get VA disability pay. The amount of disposable pay is figured, gross pay minus VA pay and withholding tax. The Federal law will not allow more than 50% of the disposable to be awarded. In my case, it would be less than $400.00 and this can change. My cancer, which may be caused by Agent Orange, would give me more disability pay, thus, my disposable income would be less.

I am not appealing the whole of the Decree of Divorce, but only my retirement fund to have the award follow Federal law. I pray the court will give me relief on my disposable income. [Footnoted added.]

[¶ 4]   We need not set out the factual background because there is really none to set out. On November 7, 2000, Burt's wife filed a complaint seeking a divorce from Burt. Burt was served with the complaint on November 29, 2000. Burt did not answer and default[2] was entered on February 23, 2001. The decree of divorce was entered on April 6, 2001. That decree included this provision:

> 7. *RETIREMENT FUNDS:*  WIFE shall receive $400.00 per month alimony paid directly from HUSBAND'S military retired pay.  HUSBAND shall retain any other retirement funds he owns.  WIFE shall retain as her separate property any retirement funds she owns.

[¶ 5]   Burt filed a timely notice of appeal on May 3, 2001, but his brief was not filed here until February 27, 2002. Burt was granted generous extensions by this Court because he was imprisoned at the Wyoming State Penitentiary and then was, for a time, incarcerated in Montana awaiting disposition of a criminal matter. This case was assigned to the expedited docket by order entered on April 23, 2002.

[¶ 6]   The decree of divorce states that the divorce was considered by the district court based on the testimony and evidence presented by Burt's former wife, and without Burt being present in court. It is apparent that the hearing was not reported, and the record on appeal does not include a transcript or the documentary evidence received

---

2.   W.R.C.P. 55 states:

**Rule 55.   Default.**

(a) *Entry.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) *Judgment.* Judgment by default may be entered as follows:

(1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain, or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not a minor or an incompetent person;

(2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian, guardian ad litem, trustee, conservator, or other such representative who has appeared therein.  If the party against whom a judgment by default is sought has appeared in the action the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.  If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

(c) *Setting Aside Default.*  For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

(d) *Plaintiffs;   Counterclaimants;   Cross–Claimants.*  The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or party who has pleaded a cross-claim or counterclaim.  In all cases a judgment by default is subject to the limitations of Rule 54(c).

by the district court, if any. Burt did not undertake to settle the record below by other means. *See* W.R.A.P. 3.03. Burt's claim that the district court erred in dividing his military retirement benefit depends on the state of the record and the condition of the evidence in that regard.

[¶ 7] When this Court does not have a properly authenticated transcript before it, it must accept the trial court's findings of fact upon which it bases any decisions regarding evidentiary issues. *Capshaw v. Schieck*, 2002 WY 54, ¶ 21, 44 P.3d 47, ¶ 21 (Wyo.2002). The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996); *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993); and *see Wood v. Wood*, 865 P.2d 616 (Wyo.1993) (dismissing appeal for lack of record, rather than affirming). Therefore, we will presume that the district court had a proper basis for its division of Burt's military pension.

[¶ 8] The decree of divorce is affirmed.