2007 WY 86

**George L. ARNOLD and George L. Arnold, P.C., a Wyoming Professional Corporation, Appellants (Plaintiffs),**

v.

**Kristeen DAY and Mark Day, wife and husband, Appellees (Defendants).**

**No. 06–160.**

Supreme Court of Wyoming.

May 23, 2007.

Representing Appellants: George L. Arnold of George L. Arnold, P.C.; and V. Anthony Vehar of Vehar Law Offices, P.C.; Evanston, Wyoming.

Representing Appellees: Mark W. Harris of Harris Law Firm, P.C., Evanston, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Appellants, George L. Arnold and George L. Arnold, P.C. (Arnold), contend that the district court erred in granting a judgment in favor of the Appellees, Kristeen and Mark Day (Days).  The dispute in this case arose because the odor of permanent solution migrated from the Days' hair salon (Hair West), into the common areas of their condominium office spaces, as well as into Arnold's law offices.  Arnold developed and began marketing the condominium office space in 1985, and allowed the unit below his law offices to be sold to the Days in 1992, for use as a hair salon.  Arnold noticed the odor problem shortly after the Days occupied the building in 1992, and the problem continued through the day of trial. In his complaint, Arnold sought relief on three theories:  (1)

breach of contract;   (2) nuisance;   and (3) trespass.   The district court granted judgment in favor of the Days on all theories.   In this appeal, Arnold challenges only that part of the judgment that dealt with breach of contract.   We will affirm.

## ISSUES

[¶ 2]   Arnold raises these issues:

I.   [Day] waived the affirmative defense of impracticability of performance.

II.   The trial court erred in *sua sponte* applying the affirmative defense of impracticability of performance without first affording [Arnold] notice and an opportunity to be heard concerning the affirmative defense.

III.   The district court erred in finding that [the Days] should be discharged from the performance of their promise and agreement to keep foul odors from [Arnold's] premises due to impracticability of performance.

The Days posit these issues for our consideration:

I.   Should the appeal be dismissed for the failure of [Arnold] to bring a complete record to this Court for review?

II.   Do the findings of fact and conclusions of law entered by the trial court, on their face, reveal any clear error of law?

## FACTS AND PROCEEDINGS

[¶ 3]   Arnold filed his complaint in the district court on October 5, 2000.  On October 23, 2000, the Days filed their answer and counterclaim.   On September 7, 2004, the case was dismissed without prejudice because no substantial or bona fide action had been performed in the case since September 30, 2003.  Arnold asked that the complaint be reinstated, and by order entered on October 1, 2004, it was reinstated to the district court's docket.

[¶ 4]   On March 15, 2005, Arnold filed a one-page motion for partial summary judgment contending that there were no genuine issues of material fact with respect to the migration of odors from the Days' salon into the common areas used by both parties, as

well as into Arnold's law offices. Furthermore, he asserted that he was entitled to judgment as a matter of law on his claims for breach of contract, trespass, and nuisance. That motion was supported by the affidavits of seven of Arnold's clients, who stated under oath that they could smell the odors in the common area and in Arnold's offices. The summary judgment motion was not immediately taken up by the district court, and eventually it was supplemented by affidavits from Mr. Arnold and Britt C. Arnold.

[¶ 5]  The Days filed a memorandum in opposition to the motion for summary judgment on April 4, 2005.  Attached to that memorandum were the affidavits of the Days, in which they detailed the "extreme measures" they had employed over the years to remedy the problem with odors.  These efforts included: (1) Replacing the existing windows with windows that could be opened; (2) installing exhaust fans; (3) adopting the use of a line of perm solutions that reduced the pungent smell associated with those products; (4) patching holes in walls and ceilings, replacing insulation, and sealing electric covers to prevent leakage of fumes through the electrical system; (5) replacing the heating system and repairing the vent work to the heating system; (6) placing commercial air fresheners in common areas (which were removed by Arnold because he did not like that smell); (7) placing door strips around their door and giving door strips to Arnold; (8) hiring a contractor to run a bore scope (with fiber optic camera) through the ventilation system to look for holes and cracks (none were found); (9) replacing all filters in the ventilation system with charcoal filters and providing Arnold with charcoal filters to use (after consulting with other hair salons that operated in spaces similar to Hair West); (10) using an air ionizer and giving an air ionizer to Arnold (which he refused).  In summary, the Days asserted that their efforts to eliminate the perm smell "have been comprehensive and effective.  If Mr. Arnold and his clients are smelling odors from the salon it is through some fault of his own."

[¶ 6]  On June 14, 2005, the Days filed their amended answer and counterclaim generally denying Arnold's allegations and raising the defense of failure to mitigate damages, and the affirmative defenses of: (1) The Memorandum of Agreement was executed by [the Days] under duress and is null and void; (2) The Memorandum of Agreement is unconscionable and void or voidable at [the Days'] instance; (3) [Arnold has] failed to act in good faith under the Memorandum of Agreement.

[¶ 7]  For the sake of clarity, we note here that the Memorandum of Agreement is a three-page document that Arnold and the Days used to spell out the "understanding" they reached at the time Arnold agreed, as a part of his consideration for the agreement, to "refrain from objecting to the issuance of a conditional use permit for Hair West and to submit a letter of recommendation to the Planning and Zoning Board on or before the scheduled time of its hearing Monday, February 3, 1992."  The Days were buying the condominium space from its current owner who was in bankruptcy.  Arnold asserts that, had he objected to the conditional use permit, it would have been denied.  In the first nine paragraphs of the agreement it is agreed that: (1) Arnold will be responsible for the irrigation system, in season; (2) the Days will be responsible for plowing the parking lot, in season; (3) the parties shared responsibility for spring and fall planting; (4) Arnold was to contribute a shed to the condominium association, and the Days a tractor mower with accessories; (5) the parties were to share mowing, trimming, application of herbicides, and watering; (6) the Days were to pay for lighting the signage from dusk to 10:30 p.m., and Arnold was to pay for cleaning the entry once a week and to keep a mat on the tile; (7) the parties were to share the expense of replacing a fence; (8) the placement of signage was detailed; and (9) bookkeeping responsibility for the association was to be alternated annually.  The following paragraphs wrapped up the agreement:

10.  Importantly, you will take such steps as are necessary to ensure that chemicals and other odors do not escape into the entry area or the upstairs unit. Certain mandatory steps will be required at the outset including compliance with governmental rules and regulations and

the installation of an adequate ventilation system.

11. Importantly, you will take reasonable steps to control noise from children and boisterous patrons, and you will refrain from playing music at a volume level which will cause it to be heard in the upstairs unit.

[¶ 8] A trial was held on February 28, 2006. The trial was not reported so we have no transcript of those proceedings, nor do we have a substitute for the transcript.

## DISCUSSION

[¶ 9] Our review of this case is greatly restricted because we have no transcript of the trial. W.R.A.P. 3.02(b) and 3.03 (and the annotations to those rules). The record does include exhibits, but without a transcript the purport of some of them is not readily evident. In *Williams v. Dietz*, 999 P.2d 642, 645 (Wyo.2000) we explained:

The record on appeal is fundamental to the exercise of appellate review because "[t]his court does not act as a fact finder." *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993). Without a sufficient record, we must

accept "the trial court's findings as being the only basis for deciding the issues which pertain to the evidence." *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 771 (Wyo. 1995). "In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings." 896 P.2d at 771–72.

*Weiss v. Pedersen*, 933 P.2d 495, 498 (Wyo. 1997). Additionally, in cases where a transcript of the hearing does not exist, W.R.A.P. 3.03 allows the appellant to settle the record by preparing a statement of the evidence or proceedings from the best available means. *Barela v. State*, 936 P.2d 66, 69 (Wyo.1997). The hearing in this case was not recorded, and Williams did not take advantage of this rule and prepare or provide this Court with a statement of the evidence.

[¶ 10] Failure to provide a transcript of evidence does not necessarily require dismissal of the appeal, but we are restricted in our review to those allegations of error not requiring an inspection of the transcript. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996).

[¶ 11] In his reply brief, Arnold contends that the district court's decision letter, and its findings of fact and conclusions of law, constitutes special findings as contemplated by W.R.C.P. 52(a), which provides:

(a) *General and special findings by court.*—Upon the trial of questions of fact by the court, or with an advisory jury, it shall not be necessary for the court to state its findings, except generally for the plaintiff or defendant, unless one of the parties requests it before the introduction of any evidence, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which case the court shall state in writing its special findings of fact separately from its conclusions of law; provided, that without such request the court may make such special findings of fact and conclusions of law as it deems proper and if the same are preserved in the record either by stenographic report or by the court's written memorandum, the same may be considered on appeal. Requests for findings are not necessary for purposes of review. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule.

Arnold contends that a transcript is, therefore, not required. This assertion is not supported by cogent argument or pertinent authority. Our perspective is that no request was made by a party for special findings, special findings were not made, and special findings are, in any event, not a substitute for a transcript.

[¶ 12] The district court issued a decision letter, as well as detailed findings of fact and conclusions of law. It is evident

from those documents that the evidence at trial included testimony to the effect that "whoever built the Franklin Building for [Arnold] did not install a cold air duct that services [Arnold's] unit. Evidently, there is only an open space between the floor joists (looking at it from [Arnold's] perspective) or ceiling joists (looking at it from [the Days'] perspective)." The district court concluded that that was the cause of the odor migration and that it was not possible to remedy it. In addition, the district court concluded that the Memorandum of Agreement assigned responsibility for salon odors to the Days, but assigned responsibility for the air ducts to Arnold. As noted above, under the circumstances of this case, we must accept the trial court's findings as being the only basis for deciding the issues which pertain to the evidence. In the absence of anything to refute them, we will sustain the trial court's findings of fact, and we assume that the evidence presented was sufficient to support those findings.

[¶ 13] We also take note that W.R.C.P. 15(b) provides:

(b) *Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

Here, we have no transcript from which to assess the application of this rule. However, we indulge the assumption that the evidence presented was sufficient to support the district court's findings.

 [¶ 14] Furthermore, we may affirm the district court upon any valid basis appearing in the record. *Fraternal Order of Eagles Sheridan Aerie No. 186, Inc. v. State,* 2006 WY 4, ¶ 38, 126 P.3d 847, 861–2 (Wyo. 2006). Arnold claims that he was surprised by the district court's disposition; however, his concerns were not addressed to the district court in any post judgment motions. We have carefully examined the record extant, as well as the arguments presented in the briefs, and we conclude that the district court's judgment should be affirmed because the evidence supports the district court's conclusion that the Days did not breach the contract between the parties.

## CONCLUSION

[¶ 15] The judgment of the district court is affirmed in all respects.