2010 WY 118

**Jim LYKINS and Jill M. Sellars, Appellants (Defendants),**

v.

**HABITAT FOR HUMANITY, The Heart of Wyoming, Inc., Appellee (Plaintiff).**

**No. S–10–0045.**

Supreme Court of Wyoming.

Aug. 18, 2010.

---

Representing Appellants: Jim Lykins and Jill Sellars, pro se.

Representing Appellee: Jerry A. Yaap, Bishop, Bishop & Yaap, Casper, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   In litigation disputing the ownership of a residential property in Casper, Wyoming, a default judgment was entered against the Appellants, Jim Lykins and Jill M. Sellars, and in favor of the Appellee, Habitat for Humanity.  Mr. Lykins and Ms. Sellars moved to set aside the default judgment.  The district court denied the motion, and Mr. Lykins and Ms. Sellars appealed that decision.  We will affirm.

### ISSUES

[¶ 2]   Mr. Lykins and Ms. Sellars present these issues:

1.   Whether the District Court erred when it ruled that "the Defendants have failed to make the requisite showing of the grounds upon which the Default Judgment in this case should be set aside pursuant to Rules 55 and 60(b) of the Wyoming Rules of Civil Procedure."

2.   Whether the District Court acted in a manner that is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; the District Court acted contrary to constitutional right, power, privilege or immunity; the District Court acted without observance of procedure required by law; or the District Court ruling was unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute. Wyo. Stat. Ann. § 16-3-114(A), (B), (D), and (E) (LexisNexis 2009).

Habitat for Humanity states the issues as follows:

* Chief Justice at time of expedited conference.

A. Whether the District Court abused its discretion when it denied Appellants' motion to set aside the default.

B. Whether this Court should summarily affirm or dismiss the appeal for failure to designate or cite to any record on appeal as well as other disregard of the Wyoming Rules of Appellate Procedure.

C. Whether this Court should summarily affirm or dismiss the appeal since Appellants present no cogent argument or pertinent authorities in support of their position.

## FACTS

[¶ 3] According to the complaint filed by Habitat for Humanity, the late Vernon Christman established a revocable trust on July 19, 2001. The following month, Mr. Christman conveyed the disputed property to the trust. The trust documents directed that the property be distributed to Habitat for Humanity at the time of Mr. Christman's death. He died on January 7, 2009, and on April 23, 2009, Ann Marie Spencer, as trustee, executed a trustee's deed conveying the property to Habitat for Humanity. Based on these documents, Habitat for Humanity claims ownership of the disputed property.

[¶ 4] Mr. Lykins and Ms. Sellars also claim ownership of the property, based on a "Purchase Offer, Acceptance and Receipt Agreement," dated December 2, 2008, in which they offered to purchase the disputed property from Mr. Christman for a total purchase price of $3,000.00. Near the end of this document is the statement, "The undersigned seller accepts the foregoing offer this 1 day of December, 2008." The purported signature of Ms. Spencer, with the designation "POA," appears immediately beneath this language.

[¶ 5] Apparently Mr. Lykins and Ms. Sellars had possession of the property, because Habitat for Humanity served them with a notice to quit the premises on May 23, 2009. In response, Ms. Sellars executed a document seeking "an injunction to cease and desist the transfer" of the disputed property, and recorded it with the Natrona County Clerk. This document, according to the complaint, placed a cloud on the title. Habitat for Humanity contended that Ms. Sellars knew at the time she filed the document that the claim was groundless or false.

[¶ 6] The complaint also states that Habitat for Humanity filed a "Complaint in Forcible Entry and Detainer" in the circuit court of Natrona County on June 19, 2009, seeking possession of the property. After a hearing on July 1, 2009, the circuit court ruled against Mr. Lykins and ordered his removal from the property. It dismissed Ms. Sellars from the action without explanation. The complaint alleges that the circuit court ruled it lacked jurisdiction to determine title to the real property.

[¶ 7] To resolve that issue, Habitat for Humanity filed suit in the district court on September 9, 2009. Affidavits of Service attached to the complaint state that Mr. Lykins and Ms. Sellars were served on September 21, 2009. Mr. Lykins and Ms. Sellars did not answer or otherwise respond to the complaint, and default was entered against them on October 16, 2009. Following a hearing, at which Mr. Lykins and Ms. Sellars did not appear, the district court entered a default judgment against them on October 19, 2009. The judgment quieted Habitat for Humanity's title to the disputed property, divested Mr. Lykins and Ms. Sellars of any claimed interest in the property, expunged from the record the document Ms. Sellars had filed clouding the title, and restored possession to Habitat for Humanity.

[¶ 8] On October 27, 2009, Mr. Lykins and Ms. Sellars filed a motion to set aside the default judgment, claiming that they had not been served with a copy of the summons. The district court convened a hearing on the motion on December 18, 2009, and after considering the testimony and argument, it denied the motion to set aside the default judgment. Mr. Lykins and Ms. Sellars filed this appeal.

## STANDARD OF REVIEW

[¶ 9] Whether a default judgment should be set aside is a decision that rests within the sound discretion of the district court. *Whitney v. McDonough*, 892 P.2d

791, 794 (Wyo.1995); *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo.1993). Generally, the denial of a motion to set aside a default judgment is reversed only upon a showing of abuse of discretion. *Whitney*, 892 P.2d at 794; *Vanasse*, 847 P.2d at 996.

> We have said that "[a] court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances ... and the ultimate issue is whether the court could reasonably conclude as it did." *Three Way, Inc. v. Burton Enters., Inc.*, 2008 WY 18, ¶ 16, 177 P.3d 219, 225 (Wyo.2008) (quoting *Doenz v. Sheridan County Bd. of County Comm'rs*, 949 P.2d 464, 465 (Wyo.1997)) (internal citations omitted).

*Simek v. Tate*, 2010 WY 65, ¶ 12, 231 P.3d 891, 896 (Wyo.2010).

### DISCUSSION

[¶ 10] W.R.C.P 55(c) provides that, "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." W.R.C.P. 60(b) provides, in relevant part:

> On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

Mr. Lykins and Ms. Sellars, as proponents of the motion to set aside the default judgment, had the burden of proving that they were entitled to relief under these rules. *Whitney*, 892 P.2d at 794, citing *Carlson v. Carlson*, 836 P.2d 297, 301 (Wyo.1992). Applying the standard of review set forth above, the question before us is whether the district court abused its discretion in ruling that Mr. Lykins and Ms. Sellars failed to carry that burden.

[¶ 11] Our review of this question is "greatly restricted" by the lack of a record on appeal. *Zaloudek v. Zaloudek*, 2009 WY 140, ¶ 12, 220 P.3d 498, 502 (Wyo.2009), quoting *Arnold v. Day*, 2007 WY 86, ¶ 9, 158 P.3d 694, 697 (Wyo.2007). The hearing on the motion to set aside the default judgment was not reported. Mr. Lykins and Ms. Sellars have not offered any alternative statement of the evidence that could have been settled by the district court pursuant to W.R.A.P. 3.03. As we have explained in previous cases:

> When this Court does not have a properly authenticated transcript before it, it must accept the trial court's findings of fact upon which it bases any decisions regarding evidentiary issues. *Capshaw v. Schieck*, 2002 WY 54, ¶ 21, 44 P.3d 47, 54 (Wyo.2002). The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996); *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993).

*Burt v. Burt*, 2002 WY 127, ¶ 7, 53 P.3d 101, 103 (Wyo.2002).

[¶ 12] According to the district court's decision letter, "The sole ground asserted by Defendants for the setting aside of the default and default judgment in this case is the alleged failure of service of a summons along with the complaint and other documents served upon Mr. Lykins and Ms. Sellars on September 21, 2009." In support of this assertion, Mr. Lykins and Ms. Sellars submitted exhibits including copies of the complaint and other documents, but not the summons. Mr. Lykins and Ms. Sellars asserted that these were all the documents they had received, and denied that they were ever served a copy of the summons.

[¶ 13] The district court's decision letter also recites that Habitat for Humanity provided two affidavits of service, one for Mr. Lykins and one for Ms. Sellars, both stating that the summons was among the documents served on them. Habitat for Humanity also presented the testimony of the process server. According to the district court, his testimony indicated that he was an "extremely experienced process server," and that it was "not possible" that the summons was not

served along with the other documents. Based on its evaluation of the evidence, the district court wrote that it "strongly supports the conclusion that there was proper service under [W.R.C.P.] 4(d)(1) by delivery of a copy of the summons and of the complaint to the individual Defendants." Because Mr. Lykins and Ms. Sellars failed to prove that they were not properly served, and did not demonstrate any other reason justifying relief, the district court denied the motion to set aside the default judgment.

[¶14] On appeal, Mr. Lykins and Ms. Sellars assert that the process server also testified that there were previous occasions on which important documents had been missing from papers he had served. They also assert that he had been in possession of the documents for at least six days before serving them, making it more likely that the summons had been separated from the other documents when service was accomplished. There is, however, no support in the record for these assertions. If we assume that Mr. Lykins and Ms. Sellars correctly represented the process server's statements, then we should also assume that the district court heard and considered this testimony. We defer to a district court's evaluation of the evidence when reviewing the denial of a motion to set aside a default judgment. *Whitney*, 892 P.2d at 794. Even if the assertions made by Mr. Lykins and Ms. Sellars are correct, and even if they were supported by the record, they would not provide an adequate basis for us to conclude that the district court abused its discretion.

[¶15] In the second issue raised by Mr. Lykins and Ms. Sellars, they ask us to review the district court's decision under the standards set forth in Wyo. Stat. Ann. § 16–3–114. That statute is part of the Wyoming Administrative Procedure Act, and applies to our review of the actions of an administrative agency. It does not apply to our review of the actions of a district court.

[¶16] Finally, in its second and third issues, Habitat for Humanity urges summary affirmation or dismissal of this appeal. We choose instead to affirm the district court's decision on the merits. Affirmed.

BURKE, J., delivers the opinion of the Court; VOIGT, J., files a special concurrence.

VOIGT, Justice, specially concurring.

[¶17] I concur in the result reached by the majority, but I would summarily affirm the district court. No transcript or settled statement of the evidence has been supplied to this Court, so there is nothing available to us from which we may evaluate the determinations of the district court. *See* W.R.A.P. 3.02, 3.03, 3.05, and *Burt v. Burt*, 2002 WY 127, ¶ 7, 53 P.3d 101, 103 (Wyo.2002).