2012 WY 63

**Frank J. JONES, Appellant (Defendant),**

v.

**Dan ARTERY, Appellee (Plaintiff).**

**No. S–11–0173.**

Supreme Court of Wyoming.

May 1, 2012.

---

Representing Appellant: Frank J. Jones, pro se.

Representing Appellee: Richard A. Mincer and Melissa R. Skorcz of Hirst Applegate, LLP, Cheyenne, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶1]   In June 2009, Dan Artery (Artery) was attacked by three Boston terriers that were under the care and responsibility of Frank Jones (Jones) and Amy Bates (Bates). Artery brought an action against Jones and Bates for injuries Artery sustained during the attack.  On the morning of trial, Jones admitted one hundred percent liability for the injuries, and the district court dismissed Bates as a defendant.  The remaining question of damages was then tried to a jury, and the jury awarded Artery damages in the amount of $13,059.83.  Thereafter, the district court, over the objections of Jones, ordered Jones to pay Artery's costs in the amount of $1,005.20.  Jones appeals a portion of the awarded costs.  We affirm in part and reverse in part.

### ISSUE

[¶2]   Jones presents the following issue on appeal: Did the district court abuse its discretion in awarding certain costs to Appellee?

### FACTS

[¶3]   On June 11, 2009, Artery was visiting his brother-in-law, Jerry Gebhart, who lived across the street from Jones and Bates.  On that June date, three Boston terriers either owned by or under the care and responsibility of Jones and Bates were running at large.  The three dogs attacked and injured Artery.

[¶4]   On December 18, 2009, Artery filed a Complaint against Jones and Bates asserting strict liability and negligence claims and seeking damages for the injuries he sustained.  On January 26, 2010, Jones and Bates filed an Answer admitting that Bates was the owner of the three dogs, and otherwise denying all allegations.

[¶5]   The matter was set for a jury trial, and on April 13, 2011, the first morning of the trial, Jones, during a conference in cham-

bers, stipulated to one hundred percent liability for Artery's injuries. The district court then dismissed the Complaint against Bates and ordered her to pay her own fees and costs. The remaining issue of damages was tried to the jury, and the jury returned a verdict for Artery in the amount of $13,059.83.

[¶ 6] Artery thereafter submitted a certified bill of costs seeking $1,005.20 in costs. Artery's bill of costs contained a more detailed itemization of the costs, but summarized generally, Artery sought the following costs:

a. Filing fee for Complaint: $60.00

b. Service fees (10): $350.00

c. Witness fees for Gerald Gebhart: $266.40

d. Reporter fees: $180.00 (pretrial conference and trial)

e. Deposition costs: $148.80 (transcripts)

Jones objected to all of the costs except $185.00, which accounted for: $60.00 for the filing fee; $35.00 for service of the summons and complaint on Jones; and $90.00 for two days of court reporter fees at $45.00 per day.

[¶ 7] On June 1, 2011, the district court entered an order awarding Artery's costs in their entirety. On June 30, 2011, Jones filed a notice of appeal from the district court's order awarding costs.

### STANDARD OF REVIEW

[¶ 8] We review a district court's award of costs for an abuse of discretion. *Elk Ridge Lodge, Inc. v. Sonnett*, 2011 WY 106, ¶ 17, 254 P.3d 957, 962 (Wyo.2011); *Garrison v. CC Builders, Inc.*, 2008 WY 34, ¶ 42, 179 P.3d 867, 878 (Wyo.2008); *Mueller v. Zimmer*, 2007 WY 195, ¶ 11, 173 P.3d 361, 364 (Wyo.2007). A court abuses its discretion when it acts in a manner that exceeds the bounds of reason under the circumstances. *Lykins v. Habitat for Humanity*, 2010 WY 118, ¶ 9, 237 P.3d 405, 408 (Wyo. 2010); *Snyder v. Lovercheck*, 992 P.2d 1079, 1084 (Wyo.1999). "The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did."

*Nish v. Schaefer*, 2006 WY 85, ¶ 6, 138 P.3d 1134, 1137 (Wyo.2006); *Snyder*, 992 P.2d at 1084.

[¶ 9] Our review of the district court's award of costs in this case is hampered by the failure of Jones to designate the trial transcript as part of the record on appeal. *See Nish*, ¶ 21, 138 P.3d at 1142 (it is the appellant's responsibility to provide a record adequate to enable this Court's review). In these circumstances, we have explained:

When this Court does not have a properly authenticated transcript before it, it must accept the trial court's findings of fact upon which it bases any decisions regarding evidentiary issues. *Capshaw v. Schieck*, 2002 WY 54, ¶ 21, 44 P.3d 47, 54 (Wyo.2002). The failure to provide a transcript does not necessarily require dismissal of an appeal, but our review is restricted to those allegations of error not requiring inspection of the transcript. Lacking a transcript, or a substitute for the transcript, the regularity of the trial court's judgment and the competency of the evidence upon which that judgment is based must be presumed. *Stadtfeld v. Stadtfeld*, 920 P.2d 662, 664 (Wyo.1996); *Combs v. Sherry–Combs*, 865 P.2d 50, 55 (Wyo.1993).

*Lykins*, ¶ 11, 237 P.3d at 408 (quoting *Burt v. Burt*, 2002 WY 127, ¶ 7, 53 P.3d 101, 103 (Wyo.2002)); *see also Arnold v. Day*, 2007 WY 86, ¶ 9, 158 P.3d 694, 697 (Wyo.2007) ("In the absence of anything to refute them, we will sustain the trial court's findings, and we assume that the evidence presented was sufficient to support those findings.").

### DISCUSSION

[¶ 10] The district court awarded costs to Artery pursuant to Rule 54(d)(1) of the Wyoming Rules of Civil Procedure and Rule 501(a) of the Uniform Rules for District Courts. Rule 54(d)(1) provides, in relevant part, that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." W.R.C.P. 54(d)(1). Rule 501(a) details the taxable costs and the requirements for a

certified bill of costs. We have recognized that Rule 501(a)(3) sets forth guidelines for awarding costs, but that those guidelines are not mandatory. *Garrison*, ¶ 42, 179 P.3d at 878 (citing Wyo. U.R.D.C. 501(a)(4)). As indicated by our standard of review, the question whether and what costs to award is discretionary. *Id.*

[¶ 11] In keeping with Rule 501's guidelines and this Court's standard of review, we consider each objection of Jones to the costs awarded by the district court.

### A. *$35.00 Summons and Complaint Service Fee on Amy Bates*

[¶ 12] Jones contends that he should not be taxed for this cost because Bates was voluntarily dismissed as a defendant in this action and because the district court ordered Bates to pay her own costs. We disagree.

[¶ 13] This Court has held that "costs should not be awarded for service fees upon parties with whom the successful party has settled." *State v. Dieringer*, 708 P.2d 1, 11 (Wyo.1985). We find the present case distinguishable, however, in that there was no settlement between Artery and Bates. Rather, on the morning of the first day of trial, Jones, who lives with and was counsel for Bates, stipulated to one hundred percent liability and the dismissal of Bates as a co-defendant. Under these circumstances, Jones has not shown an abuse of discretion by the district court.

[¶ 14] We also find no inconsistency between the district court's order requiring Bates to pay her own costs and the order requiring Jones to pay this service fee. The fee for service of the summons and complaint on Bates was not one of Bates' costs, it was one of Artery's costs. The two orders are not in conflict, and the district court thus did not abuse its discretion in requiring Jones to pay the fee for service on Bates.

[¶ 15] Finally, we are not persuaded by Jones' hypothetical scenario of being required to pay the service costs for twenty additional defendants voluntarily dismissed from an action. The facts and circumstances in each case will inform the district court's exercise of discretion, and if there were a case in which there were twenty such additional defendants voluntarily dismissed, the quantity and voluntarily dismissal of those defendants would be factors to be considered and weighed by the district court. That is precisely the nature of Rule 501. The guidelines as to allowable costs are discretionary, not mandatory.

### B. *$105.00 Subpoena Service Fees on Veterinary Clinics and Wheatland Police Officer*

[¶ 16] Jones contends that subpoenas served on two separate veterinary clinics and a Wheatland police officer were mere "fishing expeditions" that could not and did not lead to any discoverable information pertaining to damages, the issue that ultimately was the only issue before the jury. We reject Jones' argument.

[¶ 17] First, Jones provides no cites to the record in support of his argument. Second, the issue to be presented to the jury was not narrowed to the question of damages until the morning of trial. Under these circumstances, Jones has not met his burden of proving an abuse of discretion.

### C. *$70.00 Subpoena Service Fees for Vacated November 2010 Trial*

[¶ 18] Jones contends he should not be responsible for the costs of serving subpoenas on two witnesses subpoenaed for the vacated November 2010 trial because the original trial date was vacated by the district court on its own motion. We agree that the record contains no evidence or reasoning to support this assessment of costs against Jones and find that the district court abused its discretion in this portion of the cost award.

### D. *Gebhart Witness Fees*

[¶ 19] The district court assessed against Jones a witness fee of $266.40 for the attendance of Jerry Gebhart at the trial. The majority of that cost was for Mr. Gebhart's travel from Phoenix, Arizona. Jones contends the witness fee should be limited to the $15.00 allowed a witness for half a day's travel and testimony because Gebhart's permanent residence is in Wheatland, approxi-

mately one mile from the courthouse, and his testimony lasted only fifteen minutes. We disagree.

[¶ 20]   Rule 501(a) provides as follows regarding witness fees:

> Witness fees are allowed at the rate of $30.00 per day and $15.00 per half day necessarily spent traveling to and from the proceeding and in attendance at the proceeding.   Mileage is allowed at the rate of $.23 per mile, not to exceed the costs of common carrier transportation rates.

Wyo.  U.R.D.C.  501(a)(3)(B)(i).   Nothing in the rule restricts the compensation to travel from the witness's residence to the courthouse.   In fact, the rule contemplates travel from other locations in its cost certification requirements.   Rule 501 requires that the certificate of costs identify the witness's place of residence or "the place where subpoenaed."  Wyo. U.R.D.C. 501(a)(1)(B).

[¶ 21]   The record contained verified documentation of Mr. Gebhart's travel costs from Phoenix and evidence that his travel and testimony together consumed an entire day. The district court did not abuse its discretion in its award of Mr. Gebhart's witness fees.

### E.  *Reporter Fees*

█  [¶ 22]  The district court awarded $180.00 in court reporter fees, consisting of a $45.00 court reporter fee for appearance at a pretrial conference and a $135.00 fee for appearance at a three-day jury trial.   Jones contends no fee should be permitted for the pretrial conference and that the fee for the jury trial should be limited to two days' worth, for a total of $90.00, because the trial only lasted two days.   Jones cites to Rule 905 of the Uniform Rules for District Courts, which establishes the court reporter fee, to support his argument.

[¶ 23]   Rule 501 provides as follows concerning the allowance of court reporter fees as costs:

> The $45.00 fee is a taxable cost.   Transcripts of proceedings, such as motion hearings, pretrial conferences, etc., prepared at the request of a party in anticipation of trial are not taxable as costs unless

such matters become part of the record on appeal.

Wyo.  U.R.D.C.  501(a)(3)(C).   The district court explained it basis for awarding the court reporter fees for the pretrial conference and three days of trial as follows:

> g.   The pretrial conference reporter fees are appropriate, as there is no requirement that a party forego a court reporter in reliance on a court's order;
>
> h.   The reporter fees for a three-day trial [are appropriate] on the grounds that trial was scheduled to last three days and a reporter must be reserved in advance of trial[.]

[¶ 24]   We find no abuse of discretion in the district court's findings and reasoning. The issues to be tried had not been limited to damages until the morning of trial, and nothing in the rule precludes a reporter fee for pretrial proceedings.   The rule's only limitation is on the taxing of transcript costs. Rule 905 does not change this result as it does not define costs that are taxable but instead establishes the court reporter fees and what is covered by that fee.  *See* Wyo. U.R.D.C. 905.

### F.  *Deposition Transcript Costs*

[¶ 25]   The district court assessed costs for the transcripts for the depositions of Artery and Jones.   Jones objected to both on the ground that they were not reasonably necessary as defined by Rule 501.

[¶ 26]   Rule 501 makes the costs of depositions taxable if the deposition is reasonably necessary for trial preparation.   It provides:

> A deposition is deemed reasonably necessary if:
>
> I.   Read to the jury as provided in Rule 32(a)(3), W.R.C.P.;
>
> II.   Used at trial for impeachment concerning a material line of testimony (impeachment on a collateral issue does not fall within the scope of this rule);
>
> III.   Necessarily, and not merely conveniently, used to refresh the recollection of a witness while on the stand;  or
>
> IV.   Was taken at the request of a nonprevailing party.

The foregoing are meant to provide guidelines, and are not exhaustive. The use of depositions for trial preparation alone does not justify the imposition of costs.

Wyo. U.R.D.C. 501(a)(3)(D)(i).

[¶ 27] We address first the cost for the Jones deposition transcript. Jones contends he had no knowledge concerning the extent of Artery's damages, the only issue submitted to the jury, and thus his trial testimony and deposition transcript were not reasonably necessary. As we noted above, the trial transcript was not designated as part of the record, and we thus have no way to review Jones' testimony or the extent to which the deposition was necessary for trial. Under these circumstances, we must defer to the district court's understanding of the dynamics of the trial and presume the competency of the evidence upon which the district court based its judgment. *See Lykins,* ¶ 11, 237 P.3d at 408; *Dieringer,* 708 P.2d at 12. Moreover, as we have also noted throughout our discussion, Jones' stipulation to one hundred percent liability did not come until the morning of trial. We find no abuse of discretion in the district court's award of the Jones deposition transcript costs.

[¶ 28] With respect to the Artery deposition transcript, the rule is clear. The cost is recoverable if the deposition was taken at the request of the non-prevailing party. Jones took Artery's deposition, and the district court did not abuse its discretion in awarding the cost of the deposition transcript.

## CONCLUSION

[¶ 29] The district court abused its discretion in awarding $70.00 for witness subpoena service fees for the vacated November 2010 trial. We find no other abuse of discretion in the district court's award, and we remand for entry of an order awarding costs consistent with this opinion.