2009 WY 112

**LAMAR OUTDOOR ADVERTISING,**
Appellant (Plaintiff),

v.

**FARMERS CO–OP OIL COMPANY OF SHERIDAN, Wyoming and Maverik Country Stores, Appellees (Defendants).**

No. S–08–0131.

Supreme Court of Wyoming.

Sept. 11, 2009.

Representing Appellant: Timothy M. Stubson of Brown, Drew & Massey, LLP, Casper, Wyoming.

Representing Appellee Farmers Co–Op Oil Company of Sheridan, Wyoming: Clint A. Langer of Davis & Cannon, LLP, Sheridan, Wyoming.

Representing Appellee Maverik Country Stores: Steven T. Waterman of Ray Quinney & Nebeker P.C., Salt Lake City, Utah.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] During litigation among Lamar Outdoor Advertising (Lamar), Farmers Co–Op Oil Company of Sheridan, Wyoming (Farmers), and Maverik Country Stores (Maverik)[1] concerning Lamar's claim that the other parties had not honored Lamar's lease-based right of first refusal that provided Lamar the opportunity to purchase certain property upon which Lamar maintained an advertising sign, the parties executed a settlement agreement, the meaning of one provision of which is now before us in this appeal. Lamar appeals the district court's summary judgment order that under the terms of the parties' unambiguous settlement agreement the City of Sheridan had failed to act on Lamar's variance application within eight weeks from the date the variance application was submitted and, consequently, the parties remained bound by the terms of their settlement agreement. For the reasons set forth below, we affirm the district court's order.

---

1. Throughout the record in this case, and in the Notice of Appeal filed with this Court, an apostrophe has been placed either before or after the "s" in "Farmers". Also, a "c" has been placed in "Maverik". Upon further review, we believe both are incorrect. We take this opportunity to remind the parties and counsel to be more diligent in assuring that proper names in captions and pleadings are correct.

## ISSUES

[¶ 2]   Lamar states these issues:

1.   Whether the district court erred by misinterpreting the plain and unambiguous language of a conditional settlement agreement between the parties to this litigation.

2.   Whether the language in the parties' agreement was ambiguous and requires additional factual findings regarding the circumstances surrounding the agreement.

Farmers and Maverik jointly state this issue:

Whether the trial court properly enforced the settlement agreement of the parties, dismissing the case and ordering Lamar to remove its billboard sign?

[¶ 3]   In Lamar's reply brief, it states these new issues were raised in its opponents' brief:

1.   Whether the governing standard of review requires this Court to accept all allegations of the prevailing party below as true.

2.   Whether reading the terms of the settlement agreement with their plain meaning renders portions of the agreement meaningless.

3.   Whether the record supports the conclusion that an affidavit of notice was not required in order to consider the variance request.

## FACTS

[¶ 4]   Lamar initiated litigation to enforce a right of first refusal contained in a lease agreement for an outdoor advertising sign, that right requiring the lessor-owner of the property on which the sign was located to provide lessee Lamar with notice of a proposed sale of the leased property and the opportunity to purchase the leased property. Following protracted negotiations, the parties executed a settlement agreement which contains the provision which is the subject of this appeal.   In the settlement agreement, the parties agreed to cooperate and submit an application for a variance to the City of Sheridan which, if granted, would permit a new sign location near the sign in question and permit a relocation of the sign.   In addressing the timeframe for the submission of the variance application and the City's action on that variance application, the parties included in their settlement agreement the following paragraph five, the contested meaning of which now drives this appeal:

The parties agree that the City of Sheridan shall have *eight weeks from the date that the variance application* contemplated in Paragraph 4 *is submitted with all accompanying documentation required by the City of Sheridan.*   If the City of Sheridan denies the Variance application the agreements, obligations, releases and all other commitments contained in this agreement are null and void.   If the City of Sheridan approves the application or fails to act on the application within the eight week period provided for herein the parties will be bound to the agreement contained herein.   If the City of Sheridan fails to act upon the application because of any action or inaction by Lamar the parties will be nonetheless bound by the terms of this agreement to the extent permitted by law.

(Emphasis added.)

[¶ 5]   Lamar's counsel submitted the variance application to the City by letter dated Wednesday, August 2, 2006.   The passage of eight weeks would have fallen on or about Thursday, September 28, 2006.   On Wednesday, September 27, 2006, Lamar submitted to the City an affidavit executed by its agent, William A. Mentock, which stated:

AFFIDAVIT OF POSTING OF PUBLIC NOTICE SIGN, AND NOTIFICATION BY U.S. MAIL TO CONTIGUOUS PROPERTY OWNERS

STATE OF WYOMING
COUNTY OF SHERIDAN

BEFORE ME, the undersigned authority, personally appeared, who, after having first been duly sworn and put upon oath, says as follows:

1.   That he is the *agent* (owner, agent for owner, attorney in fact for owner, etc.) of the property identified in the application for VAR 06–09 at 1251 First Ave E., to be heard before the Board of Adjustment at a public hearing to be held on October 12,

2006 and as such, is authorized to execute and make this Affidavit and is familiar with the matters set forth herein, and they are true to the best of his knowledge, information and belief.

2. That the Affiant has caused the mailing of the required letter of notification to property owners within 140 feet of the project boundary by U.S. Mail, on or before the 28th day of September, 2006, and attaches hereto, as part of and incorporated herein, a complete list of the names and addresses of the persons entitled to notice.

3. That Affiant is aware of and understands that failure to execute the required public notice may cause the above identified hearing to be postponed and rescheduled only upon compliance with the public notice requirements.

[¶ 6] Farmers and Maverik assert, and Lamar does not disagree, that the City denied Lamar's variance application on October 12, 2006.

[¶ 7] On February 7, 2007, Farmers and Maverik filed their joint motion to dismiss with prejudice Lamar's litigation to enforce its lease-based right of first refusal, asserting that the City had failed to act on Lamar's variance application by October 2, 2006, which was eight weeks past August 2, 2006, the date on which Lamar had submitted it and, therefore, by operation of paragraph five of the settlement agreement, that agreement had become fully binding on the parties. In support of their joint motion, Farmers and Maverik attached a copy of the parties' settlement agreement and a copy of the letter from Lamar's counsel to the City of Sheridan, dated August 2, 2006, which stated that the variance application was attached. We note that the referenced variance application is not in this record; however, Lamar agrees that it submitted the variance application on that date.

[¶ 8] Lamar filed its response to Farmers and Maverik's joint motion to dismiss on February 23, 2007. In support of this response, Lamar attached, as Exhibit A, a copy of the affidavit of its agent, William A. Mentock, set out earlier in this opinion. Lamar's response argued that (1) the critical language of paragraph five of the settlement agreement was the City "shall have eight weeks from the date the Variance Application ... is submitted **with all accompanying documentation required by the City** ...." (emphasis in original); (2) the variance application submitted by Lamar on August 2, 2006, did not include an affidavit of posting of public notice sign which document, according to follow-up meetings with the City, the City required in order to consider the variance application; (3) Lamar submitted the required affidavit document to the City on September 27, 2006; (4) the eight-week time frame stated in paragraph five of the settlement agreement began running on September 27, 2006; (5) the City's action denying the variance application on October 12, 2006, was within the eight-week time frame which started running on September 27, 2006; and, consequently, (6) the settlement agreement is null and void under paragraph five of that agreement because the City denied the variance application within that eight-week time frame.

[¶ 9] The district court held a hearing on Farmers and Maverik's joint motion to dismiss with prejudice and Lamar's response on February 27, 2008. In its brief, Lamar informs this Court that the district court without notice converted the joint motion to dismiss to a summary judgment motion by the court's consideration of material outside the pleadings; however, Lamar did not object to conversion and does not raise that as an issue here. *Cranston v. Weston Cty. Weed & Pest Bd.*, 826 P.2d 251, 254 (Wyo.1992). Neither party designated a transcript of the motion hearing for our appellate record. On April 28, 2008, the district court entered its order granting summary judgment to Farmers and Maverik based upon the parties' evidentiary submissions, namely, the parties' settlement agreement, Lamar's counsel's letter dated August 2, 2006, and Lamar's Mentock affidavit, and based upon the parties' acknowledgement that the City of Sheridan acted on October 12, 2006, to deny Lamar's variance application. In relevant part, the district court's order stated:

1.  Applying the summary judgment standard of review, the Court finds that there are no questions of material fact.

2.  The affidavit attached to *Plaintiff's Response to Defendants' Joint Motion to Dismiss with Prejudice* does not raise material questions of fact, particularly since the hearing occurred more than eight weeks after the variance application was submitted to the City and since the affidavit could not have been submitted with the variance application.

Lamar timely filed its notice of appeal.

## STANDARD OF REVIEW

[¶ 10]   The district court converted Farmers and Maverik's joint motion to dismiss to a summary judgment proceeding in light of the exhibits attached to their joint motion to dismiss and the affidavit which Lamar attached to its response to their joint motion.   Lamar correctly argues that we must review this appeal under our well-known summary judgment standard of review.   In relevant part, W.R.C.P. 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Concerning affidavits submitted in a summary judgment proceeding, W.R.C.P. 56(e) provides in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.   Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

In our review:

> We treat the summary judgment movant's motion as though it has been presented originally to us.   *Havens* [*v. Hoffman*], 902 P.2d [219] at 220 [ (Wyo.1995) ].   We

use the same materials in the record that was before the district court.   *Hatton v. Energy Elec. Co.*, 2006 WY 151, ¶ 8, 148 P.3d 8, 12 (Wyo.2006).   Using the materials in the record, we examine them from the vantage point most favorable to the nonmoving party opposing the motion, giving that party the benefit of all favorable inferences which may fairly be drawn from the materials.   *Rino* [*v. Mead* ], [2002 WY 144,] ¶ 12, 55 P.3d [13] at 17 [ (Wyo. 2002) ] ... .   If doubt exists about the presence of genuine issues of material fact after we have reviewed the record, we resolve that doubt against the movant.   *Jacobson* [*v. Cobbs* ], [2007 WY 99,] ¶ 7, 160 P.3d [654] at 656 [ (Wyo.2007) ].   The non-moving party opposing the summary judgment motion has no obligation to counter the motion with materials beyond the pleadings until the movant has made a prima facie showing that genuine issues of material fact do not exist.   *Rino*, ¶ 23, 55 P.3d at 20.   We review questions of law *de novo* without giving any deference to the district court's determinations.   *Hatton*, ¶ 8, 148 P.3d at 12.

*Bangs v. Schroth*, 2009 WY 20, ¶ 20, 201 P.3d 442, 452 (Wyo.2009).

## DISCUSSION

[¶ 11]   Based upon the two exhibits attached to their joint motion to dismiss, Farmers and Maverik's straightforward argument is that Lamar submitted its variance application on August 2, 2006, which started the eight-week clock as provided in paragraph five of the parties' settlement agreement; the parties agree that the City acted on Lamar's variance application when it denied it on October 12, 2006; the eight-week clock from August 2, 2006, expired on or about October 2, 2006; therefore, that eight-week clock had expired before the City's October 12, 2006, denial action and, consequently, under the language of paragraph five of the parties' agreement, the settlement agreement becomes fully binding.

[¶ 12]   Lamar counters Farmers and Maverik's argument by relying upon the Mentock affidavit attached to Lamar's response.   We have examined that affidavit in

light of the requirements of W.R.C.P. 56(e) that an affidavit (1) be made on personal knowledge; (2) set forth facts which are admissible in evidence; (3) demonstrate the affiant's competency to testify on the subject matter of the affidavit; and (4) have attached to it the papers and documents to which it refers. *Bangs,* ¶ 15, 201 P.3d at 449. We find this affidavit to fall short of these requirements. The affiant states he "is familiar with the matters set forth herein, and they are true to the best of his knowledge, information and belief." That statement does not meet the "personal knowledge" requirement. *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 414 (1st Cir.2000) (affidavit stating "it is correct in all its parts to the best of my knowledge" is insufficient as a proffer of evidence because not based on affiant's personal knowledge); *Wuliger v. Eberle,* 414 F.Supp.2d 814, 818 (N.D.Ohio 2006) (information averred to the best of the affiant's knowledge or belief is insufficient to meet the requirements of F.R.C.P. 56(e)); *Pace v. Capobianco,* 283 F.3d 1275, 1278 (11th Cir.2002) (same); *Wyant v. Burlington Northern Santa Fe R.R.,* 210 F.Supp.2d 1263, 1272–73 (N.D.Ala.2002) (collecting cases); and 11 James Wm. Moore et al., *Moore's Federal Practice,* § 56.14[1][c] (3rd ed.2006). Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules. *Rawlinson v. Wallerich,* 2006 WY 52, ¶ 12, 132 P.3d 204, 208 (Wyo.2006). Moreover, the affiant has not attached "the application for VAR 06–09 at 1251 First Ave. E" or "the required letter of notification to property owners" to which he refers in the affidavit. In addition to this deficient affidavit, we also note that in Lamar's memorandum response it baldly asserts, without evidentiary support attached to its response, that "in follow-up meetings with the City of Sheridan the City required" an affidavit of posting of public notice sign in order to consider the variance application. A party's assertion, without evidentiary support, is meaningless in summary judgment procedure. In passing, we note that the parties in their briefing disagree about the applicable City of Sheridan ordinance governing the variance application procedure, Lamar claiming it is Appendix A–1, Section 14, and Farmers and Maverik claiming it is Appendix A, Section 14. This is the kind of disagreement that the parties should have sorted out long before this Court docketed the appeal.

[¶ 13] In light of the above and foregoing discussion, we hold that Farmers' and Maverik's straightforward argument prevails, and Lamar's argument has no evidentiary support. We affirm the district court's summary judgment order.