IN THE SUPREME COURT, STATE OF WYOMING

2014 WY 167

OCTOBER TERM, A.D. 2014

December 22, 2014

SONJIA WEINSTEIN and TREY
WARREN,

Appellants
(Defendants),

v.                                                                S-14-0070

GARY BEACH and SUSAN BEACH,
husband and wife,

Appellees
(Plaintiffs).

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

*Representing Appellants:*
    Jason A. Neville of Williams, Porter, Day & Neville, P.C., Casper, WY.

*Representing Appellees:*
    David B. Hooper of Hooper Law Offices, P.C., Riverton, WY.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**HILL,** Justice.

[¶1]   Gary and Susan Beach (Plaintiffs) filed a complaint against Sonja Weinstein and Trey Warren (Defendants) alleging injuries from carbon monoxide poisoning caused by Defendants' failure to maintain a property they rented to Plaintiffs.  Defendants made a W.R.C.P. 68 offer of settlement, which Plaintiffs did not accept.  Following a jury verdict in Defendants' favor, Defendants filed a motion for costs in the amount of $45,410.62 pursuant to W.R.C.P. 68, W.R.C.P. 54(d), and U.R.D.C. 501.  Applying U.R.D.C. 501, the district court entered an order awarding Defendants costs in the amount of $1,326.05.  Defendants appeal, contending that the court erred in applying U.R.D.C. 501 to an award of costs under W.R.C.P. 68.  We affirm.

## ISSUE

[¶2]   Defendants state the issue on appeal as follows:

> I.   Whether the district court abused its discretion by denying the majority of the costs requested by [Defendants] pursuant to Wyo. R. Civ. P. 68?

## FACTS

[¶3]   On August 11, 2011, Plaintiffs filed a complaint against Defendants alleging injuries from carbon monoxide poisoning caused by a gas stove on a property Plaintiffs were renting from Defendants.  On August 8, 2012, Defendants made a $5,000 offer of settlement to Plaintiffs pursuant to W.R.C.P. 68.  Plaintiffs did not accept the offer.

[¶4]   The matter was tried to a jury on August 19-23, 2013, and the jury returned a verdict in favor of Defendants.  On September 17, 2013, the district court issued a Judgment Upon Jury Verdict.  In addition to entering judgment in favor of Defendants, the court ordered that "Defendants are entitled to costs pursuant to W.R.C.P. Rule 54 and U.R.D.C. Rule 501 and that the parties shall comply with such rules if costs are sought by Defendants."

[¶5]   On September 23, 2013, Defendants filed a motion and statement for costs pursuant to W.R.C.P. 54, W.R.C.P. 68, and U.R.D.C. 501.  Through that motion, Defendants sought an award of costs in the amount of $45,410.62, which Defendants asserted were the total costs incurred subsequent to their August 8, 2012 Rule 68 offer of settlement.  On October 7, 2013, Plaintiffs filed their objection to Defendants' statement of costs and contended that the allowable costs totaled only $1,326.05.

[¶6]   On December 17, 2013, the district court entered an order awarding Defendants costs in the amount of $1,326.05.  The court agreed that Plaintiffs' objection had

accurately identified the only allowable costs, which were costs for three depositions and a portion of the court reporter's fees. The court explained, footnote omitted:

> Pursuant to Rule 68 of the Wyoming Rules of Civil Procedure, the defendants are entitled to recover their costs subsequent to their offer as the jury found in defendants' favor. Rule 501 of the Uniform Rules for the District Court sets forth allowable costs. Without belaboring the point, the vast majority of the items detailed in the defendants' $45,410.62 claim are simply not allowable costs. A significant number are not costs at all, as that term is generally understood and utilized in Rule 501, but are personal expenses of counsel which are in no sense "costs" related to this litigation.

[¶7]    On January 10, 2014, Defendants filed their notice of appeal from the district court's order awarding fees.

## STANDARD OF REVIEW

[¶8]    An award of costs is reviewed for an abuse of discretion. *Beckwith v. Weber*, 2012 WY 62, ¶ 32, 277 P.3d 713, 721 (Wyo. 2012) (citing *Wilson v. Tyrrell*, 2011 WY 7, ¶ 58, 246 P.3d 265, 281 (Wyo. 2011); *Meyer v. Hatto*, 2008 WY 153, ¶ 25, 198 P.3d 552, 557 (Wyo. 2008)). "Abuse of discretion occurs when a court exceeds the bounds of reason or commits an error of law." *Beckwith*, ¶ 54, 277 P.3d at 725 (quoting *Combs v. Sherry-Combs*, 865 P.2d 50, 55 (Wyo. 1993)). "The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did." *Jones v. Artery*, 2012 WY 63, ¶ 8, 275 P.3d 1244, 1247 (Wyo. 2012) (quoting *Nish v. Schaefer*, 2006 WY 85, ¶ 6, 138 P.3d 1134, 1137 (Wyo. 2006)).

[¶9]    While the award of costs itself is reviewed for an abuse of discretion, the question of whether a particular cost provision applies requires construction of a court rule, which is a question of law that we review de novo. *Stewart Title Guar. Co. v. Tilden*, 2008 WY 46, ¶ 7, 181 P.3d 94, 98 (Wyo. 2008); *see also Marx v. General Revenue Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011) (citations omitted) ("We review an award of costs for an abuse of discretion. Whether costs provisions even apply is a legal question reviewed de novo.").

## DISCUSSION

[¶10] Defendants challenge the district court's award of costs on two grounds. First, Defendants contend that U.R.D.C. 501 does not apply to a Rule 68 award of costs and the

court therefore erred in limiting Defendants' costs to those allowed by Rule 501. Second, Defendants argue that if U.R.D.C. 501 does apply to a Rule 68 award of costs, the court abused its discretion in the manner in which it limited the award of costs to Defendants.

[¶11] In our recent decision in *Graus v. OK Investments*, 2014 WY 166, ___ P.3d ___ (Wyo. 2014), this Court held that where a party who makes an offer pursuant to W.R.C.P. 68 prevails on that claim, that party is not entitled to costs pursuant to Rule 68 and costs are instead governed by W.R.C.P. 54(d). That holding resolves Defendants' first argument because Defendants' costs should have been awarded pursuant to W.R.C.P. 54(d), rather than pursuant to W.R.C.P. 68. Nonetheless, because the question of the applicability of U.R.D.C. 501 to a W.R.C.P. 68 award of costs is a question directly presented by this appeal and one that is likely to recur, we choose to address the issue before turning to a review of the district court's exercise of discretion pursuant to U.R.D.C. 501. *See State v. Mares*, 2014 WY 126, ¶ 30, 355 P.3d 487, 499 (Wyo. 2014).

A.       **Applicability of U.R.D.C. 501 to W.R.C.P. 68 Award of Costs**

[¶12] Defendants contend that when costs are awarded pursuant to W.R.C.P. 68, that award of costs is mandatory and U.R.D.C. 501 therefore does not apply. We find no support for this argument in the plain language of W.R.C.P. 68, in F.R.C.P. 68 precedent, or in our own Rule 68 precedent.

[¶13] W.R.C.P 68 provides in relevant part that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. As used herein, 'costs' does not include attorney's fees." Defendants first argue that because Rule 68 uses mandatory language, does not specifically define costs, and places only one limitation on costs—that they do not include attorney's fees—all other post-Rule 68 offer costs must be paid. We disagree.

[¶14] First, W.R.C.P. 68 is not unique in not internally defining the term "costs." W.R.C.P. 54(d) similarly does not define the term, providing only that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Nonetheless, it is clear that U.R.D.C. 501 applies to a Rule 54(d) award of costs. See *Jones*, ¶ 10, 275 P.3d at 1247-48 (review of Rule 54(d) award of costs and noting that Rule 501(a) details taxable costs and requirements for certified bill of costs).

[¶15] Additionally, while this Court has observed that Rule 68 "is mandatory in that it provides that the offeree 'must' pay costs incurred after making the offer," we have at the same time recognized that a district court retains its discretion to decide which post-offer costs should be awarded. *Duffy v. Brown*, 708 P.2d 433, 440 (Wyo. 1985). For example, in *Duffy*, we reviewed the district court's denial of an award of costs under Rule 68 and remanded for the court's determination of whether the deposition costs allowed were

3

reasonably necessary for the preparation of the case for trial, noting that "uses of the deposition in connection with the trial proceedings such as motions for summary judgment might serve to persuade the district court that the depositions were reasonably necessary, but it would not be required to so conclude." *Duffy*, 708 P.2d at 441. This Court also in *Duffy* rejected the cost of preparing enlarged exhibits for trial, explaining, "We have found no authority in this state, nor have we been cited to any, for the proposition that the expense of preparing enlarged exhibits for trial is a taxable cost." *Duffy*, 708 P.2d at 441; see also *Crawford v. Amadio*, 932 P.2d 1288, 1294-95 (Wyo. 1997) (reviewing Rule 68 award of costs for abuse of discretion under U.R.D.C. 501).

[¶16] Our conclusion that U.R.D.C. 501 applies to a Rule 68 award of costs is further supported by federal precedent. Wyoming's Rule 68 is similar in all material respects to its federal counterpart, F.R.C.P. 68, and this Court has long held that we will look to federal authority interpreting a particular rule as an aid in applying the comparable Wyoming rule. *Bratton v. Blenkinsop* (*In re Bratton*), 2014 WY 87, ¶ 24, 330 P.3d 248, 253, n.6 (Wyo. 2014); *see also Lamar Outdoor Adver. v. Farmers Co-Op Oil Co.*, 2009 WY 112, ¶ 12, 215 P.3d 296, 301 (Wyo. 2009). Federal precedent is clear that "[t]he costs included in Rule 68 are no more extensive than the costs authorized under Rule 54(d), and in each instance the cost award should be based on 28 U.S.C.A. § 1920." 12 Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure* § 3006 n.15 (2d ed. supp. 2014); see also *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016 (1985) ("[T]he term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority."); *Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 89 (2nd Cir. 2004); *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994); *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1060 (9th Cir. 2001) ("While Lu–Mar is of the opinion that 'costs' means anything it expended, the law is that Lu–Mar can only recover 'costs' properly awardable under the relevant substantive statute."); *Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1278 n.7 (10th Cir. 2011) ("Generally, 'the costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general § 1920 definition.'"); *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990).

[¶17] In summary, Rule 68 does not authorize payment of all post-offer costs or expenses. Those costs are not allowable unless authorized by U.R.D.C. 501 or Wyo. Stat. Ann. § 1-14-102. The distinction between an award of costs under Rule 54(d) and Rule 68 is not in the district court's discretion to determine which post-offer costs are proper and allowable pursuant to U.R.D.C. 501 and Wyo. Stat. Ann. § 1-14-102. The distinction is in the court's discretion to deny costs altogether—the court has that authority under Rule 54(d), but it does not have that authority under Rule 68. Thus, while we recognize the mandatory nature of a Rule 68 award of costs, we hold that a district court nonetheless retains its discretion to determine which post-offer costs are proper pursuant to our governing rules and statutes.

## B.  District Court's Application of U.R.D.C. 501

[¶18] As we noted at the outset of our discussion, because Defendants were the prevailing party in this matter, Rule 54(d), rather than Rule 68, governs the award of their costs.  We thus turn to the question of whether the district court abused its discretion under Rule 54(d) and U.R.D.C. 501 in entering its award of costs in this matter.

[¶19]  Defendants argue that if U.R.D.C. 501 does govern allowable costs in this matter, the district court abused its discretion in denying certain of the costs requested by Defendants.  In particular, Defendants contend that pursuant to U.R.D.C. 501, they should have been awarded costs for: the depositions of Trey Warren, Dr. Roberts, and Dr. Foley; counsel's travel expenses for the depositions of Dr. Foley and Dr. Upton; and costs for filing fees and obtaining necessary records.  Based on the record before this Court, we find no abuse of discretion in the district court's denial of the identified costs.

### 1.  Depositions of Roberts, Warren, and Foley

[¶20]  We address first Defendants' contention that they were entitled to costs of the depositions of Trey Warren, Dr. Roberts, and Dr. Foley.  U.R.D.C. 501 provides as follows concerning the award of such costs:

> (D)  Costs of depositions.
>
> (i) Costs of depositions are taxable if reasonably necessary for the preparation of the case for trial.  A deposition is deemed reasonably necessary if:
>
>> I. Read to the jury as provided in Rule 32(a)(3), W.R.C.P.;
>>
>> II. Used at trial for impeachment concerning a material line of testimony (impeachment on a collateral issue does not fall within the scope of this rule);
>>
>> III. Necessarily, and not merely conveniently, used to refresh the recollection of a witness while on the stand; or,
>>
>> IV. Was taken at the request of a nonprevailing party.
>>
>> The foregoing are meant to provide guidelines, and are not exhaustive. The use of depositions for trial

5

> preparation alone does not justify the imposition of
> costs.

U.R.D.C. 501(a)(3)(D).

[¶21] A party seeking the award of discovery deposition costs carries the burden of showing that those costs were reasonably necessary for trial preparation, in that they met one of the guidelines of U.R.D.C. 501(a)(3)(D), or an equivalent rationale. *Garrison v. CC Builders, Inc.*, 2008 WY 34, ¶ 45, 179 P.3d 867, 879 (Wyo. 2008); *see also Wilson*, ¶ 63, 246 P.3d at 282. We have also said that "a verified bill of costs is *prima facie* evidence that the items listed were necessarily expended and are properly taxable as costs." *Garrison*, ¶ 45, 179 P.3d at 879 (citing 20 Am.Jur.2d *Costs* § 91 (2005)). A verified bill of costs is not, however, treated as a *prima facie* evidence that items listed are properly taxable where the costs appear otherwise on their face. 20 Am.Jur.2d *Costs* § 91 (Cum. Supp. 2014).

[¶22] Because the vast majority of the costs claimed by Defendants were not properly taxable as costs under U.R.D.C. 501, as the district court found and Defendants have not disputed, we will not treat Defendants' verified statement of costs as *prima facie* evidence that the costs were properly taxable. Instead, Defendants must have made a record before the district court, and this Court, showing that the costs requested were reasonably necessary and proper pursuant to U.R.D.C. 501. In the absence of such a showing, we will find no abuse of discretion in the court's denial of costs.

[¶23] With respect to the costs of Dr. Roberts's deposition, Defendants cite to the trial transcript wherein excerpts from Dr. Roberts's deposition were read into evidence and contend that the costs were allowable pursuant U.R.D.C. 501(a)(3)(D)(i)(I). Having reviewed the trial transcript, we find that excerpts from Dr. Roberts's deposition were indeed read into evidence, and the deposition costs were thus arguably allowable. This Court has recognized, however, that Rule 501 "sets forth guidelines for awarding costs, but that those guidelines are not mandatory." *Jones v. Artery*, 2012 WY 63, ¶ 10, 275 P.3d 1244, 1248 (Wyo. 2012); *Garrison*, ¶ 42, 179 P.3d at 878; *see also* U.R.D.C. 501(a)(4).[1] For those provisions of Rule 501 that do not use mandatory language, "the

---

[1] We are also mindful, though, that certain provisions of Rule 501 are indeed mandatory as dictated by the language used in such provisions. We have explained:

> The provisions of W.U.R.D.C. 501(a)(3)(D)(ii) do not contain a qualifying clause and are mandatory. The rule is specific in its provisions concerning the fees for depositions: "Reporters' travel, per diem expenses and **appearance fees** will not be taxed as costs." (Emphasis added.)

*Gore v. Sherard*, 2002 WY 114, ¶ 23, 50 P.3d 705, 712 (Wyo. 2002).

6

question whether and what costs to award is discretionary." *Jones,* ¶ 10, 275 P.3d at 1248.

[¶24] In this case, the district court, when it entered judgment in favor of Defendants, ordered that Defendants were entitled to an award of costs, and it ordered Defendants to comply with U.R.D.C. 501 in submitting any request for costs. In submitting their request for costs, however, Defendants made no attempt to identify the U.R.D.C. 501 basis for their costs. Instead, Defendants submitted a page and a half chronological listing of the costs sought, along with approximately sixty-one pages of photocopied receipts and invoices. Under these circumstances, we can find no abuse of discretion in the district court's denial of costs related to the deposition of Dr. Roberts.

[¶25] With respect to the deposition of Trey Warren, Defendants argue that the Rule 501 criteria are satisfied because the deposition was used to impeach or refresh a witness' recollection. In particular, Defendants cite to the following testimony of Mr. Warren on cross-examination by Plaintiffs' counsel:

> Q.    Do you recall talking about the stove during your deposition?
> A.    I do.
> [permission granted to approach witness]
> Q.    On Page 10, beginning at Line 10, I said, "What did you do in response to that red tag in Exhibit 3 being placed on the stove?" Do you want to read your response?
> A.    Line 12. "Specifically, we took the stove to the dump and threw it out. And then I don't think it was much longer after that when Gary moved out and the place just sat idle for some time.

[¶26] In their motion for costs, Defendants again provided no explanation to the district court as to how Trey Warren's deposition was reasonably necessary for the preparation of the case for trial. For this reason alone, we find no abuse of discretion in the court's denial of costs related to Mr. Warren's deposition. Moreover, we are not persuaded, based on Defendants' reference to the above-quoted passage, that the cost of the deposition would have qualified as an allowable cost pursuant to U.R.D.C. 501(a)(3)(D)(i)(II) or (III). The rule requires more than that a deposition was used for impeachment or to refresh a witness' recollection. Rule 501(a)(3)(D)(i)(II) requires a showing that the deposition was used "for impeachment concerning a material line of testimony," and (III) requires a showing that the deposition was "[n]ecessarily, and not merely conveniently, used to refresh the recollection of a witness." In their argument on appeal, Defendants cite to the rule with no explanation as to how the quoted testimony, which was elicited by Plaintiffs' counsel, not defense counsel, was a) impeachment

7

testimony, b) concerned a material line of testimony, or c) was necessarily used to refresh a witness' recollection. For this additional reason, we find no abuse of discretion in the district court's denial of costs for this deposition.

[¶27] With respect to the deposition of Dr. Foley, Defendants argue the costs were allowable because although Dr. Foley ultimately was able to testify in person, his deposition was originally taken as a trial deposition. This again is a cost for which Defendants provided no basis to the district court for how the deposition was reasonably necessary for preparation of the case for trial. And again, for this reason alone, we find no abuse of discretion in the court's denial of costs related to this deposition. Further, Defendants have cited no authority for the proposition that a deposition originally taken as a trial deposition but ultimately not used as a trial deposition meets the guidelines of U.R.D.C. 501 or is otherwise an allowable cost. For this additional reason, we find no abuse of discretion in the district court's denial of costs for this deposition.

## 2.     Counsel's Travel Expenses for Depositions of Foley and Upton

[¶28] Defendants contend the district court abused its discretion in denying counsel's travel expenses for taking the depositions of Dr. Foley and Dr. Upton because both depositions were taken as trial depositions. This argument ignores one of the mandatory provisions of U.R.D.C. 501. Rule 501 specifies that "[f]ees and expenses of counsel for traveling to and attending depositions are not taxable as costs." U.R.D.C. 501(a)(3)(D)(iii); *see also Gore*, ¶ 23, 50 P.3d at 712 (explaining mandatory nature of Rule 501 provisions that do not contain qualifying language).

## 3.     Costs of Filing Fees and Obtaining Records

[¶29] Defendants do not cite to the precise costs that they contend should have been awarded as filing fees and "obtaining necessary records." Their motion for costs, however, identifies two fax filing fees of $2.00 each and two items apparently relating to obtaining copies of documents, one for $100.05, and the other for $50.00. With respect to the $4.00 in filing fees, these were again arguably allowable costs, but given Defendants' failure to identify the costs for the district court along with a Rule 501 basis for their award, we find no abuse of discretion in the court's denial of the costs. Defendants' application for costs relating to obtaining records suffers the same defect. Moreover, Defendants have not explained how the costs relating to those records are allowable under Rule 501, which limits duplicating costs to those "necessarily incurred for documents admitted into evidence" and bars duplication costs "for documents for counsel's own use." U.R.D.C. 501(a)(3)(E). For this additional reason, we find no abuse of discretion in the court's denial of these costs.

## CONCLUSION

[¶30]  We hold that an award of costs pursuant to W.R.C.P. 68 is governed by U.R.D.C. 501 and Wyo. Stat. Ann. § 1-14-102.  The district court did not abuse its exercise of discretion in its award of costs pursuant to Rule 54(d) and U.R.D.C. 501.  Affirmed.